**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REBECCA LITTLEFIELD,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No. 19-35304

D.C. No. 6:18-cv-00500-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted March 11, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Rebecca Littlefield appeals a magistrate judge's order affirming the final

decision of the Commissioner of Social Security denying her application for

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability benefits and supplemental-security income. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Administrative Law Judge (ALJ) did not err at step two by concluding that Littlefield did not have a medically determinable mental impairment, because the record contains no "medically acceptable clinical and laboratory diagnostic techniques" or "objective medical evidence from an acceptable medical source" indicating that Littlefield had a mental impairment. 20 C.F.R. § 404.1521. In reaching this conclusion, the ALJ did not fail to discharge her duty to develop the record, because the record was adequate to allow for proper evaluation of the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

The ALJ offered germane reasons for rejecting the opinion of Nurse Hayes, who is an "other" medical sources. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). The ALJ noted that Hayes's opinion was "not fully consistent" with other contemporaneous evidence. The ALJ also offered germane reasons for rejecting the opinions of Trish Shannon and Nicole Desiderati, both of whom are also "other" medical sources. *See id.* The ALJ noted that Shannon's opinion was inconsistent with the contemporaneous observations of Dr. Cheung, Littlefield's treating physician, and that Desiderati's limited observations conflicted with other objective medical evidence in the record.

2

The ALJ did not need to mention the opinions of non-examining state-agency doctors Boyd and Kessler regarding Littlefield's workplace limitations due to mental impairments, because portions of the opinions were incorporated into the residual functional capacity finding. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–75 (9th Cir. 2008) (explaining that an ALJ's assessment "adequately captures" medical opinions when the assessment is consistent with parts of those opinions, even if the assessment does not specifically mention them). To the extent the ALJ erred by not including or explaining her disagreement with these doctors' opinions that Littlefield could complete only 1–2 step tasks, any error is harmless. *See Garcia v. Comm'r.*, 768 F.3d 925, 932 (9th Cir. 2014). The only medically acceptable evidence in the record was provided by Dr. Cheung, who opined that Littlefield did not have any mental impairment. Neither Boyd nor Kessler relied on any objective medical evidence in reaching their conclusion regarding the 1–2 step tasks limitation, and therefore the ALJ was not required to rely on it. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." (cleaned up)).

Likewise, the ALJ did not err by failing to mention the 1–2 step tasks limitation when questioning the vocational expert, because "in hypotheticals posed

to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins v. Comm'r.*, 466 F.3d 880, 886 (9th Cir. 2006). Littlefield's reliance on *Rounds v. Commissioner*, 807 F.3d 996, 1003 (9th Cir. 2015) is therefore misplaced.

Finally, the ALJ did not err in its determination that Littlefield's testimony regarding her physical pain was not entirely consistent with the record. The ALJ properly rejected Littlefield's testimony based on evidence of drug-seeking behavior, *see Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001), as well as inconsistencies between Littlefield's testimony and other objective medical evidence.

**AFFIRMED.**